■ DANIEL S. FUCHS, Appellant, v LINDA S. FUCHS, Respondent. [653 NYS2d 948] —In a matrimonial action in which the parties were divorced by judgment dated July 3, 1990, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated January 25, 1996, as, upon granting that branch of the defendant former wife's motion which was to enforce certain provisions of the parties' separation agreement, directed him to pay to the defendant former wife the sum of $10,740.

Ordered that the order is modified, on the law, by deleting

the provision thereof which directed the plaintiff to pay the defendant the sum of $10,740, and substituting therefor a provision directing the plaintiff to pay to the defendant the sum of $700; as so modified, the order is affirmed, with costs to the plaintiff.

Married in 1969, the plaintiff and the defendant entered into a separation agreement dated September 17, 1989. The separation agreement was incorporated, but not merged, into a judgment of divorce dated July 3, 1990.

Insofar as is relevant to the instant appeal, the separation agreement provided the defendant with an option to purchase the marital residence, a cooperative apartment. It also provided that the "net purchase price" payable by the defendant, in the event that she exercised this option, would be the appraised value of the apartment, less the balance, if any, due on the parties' home equity loan and "any other fees due to [the cooperative corporation] including waiver fee". The defendant would then be required to pay the plaintiff 50% of this amount.

The defendant exercised her option to purchase the marital residence, which was appraised at $75,000. At the time the defendant exercised her option, the amount the parties owed on their home equity loan was $76,300. Further, the cooperative corporation charged the parties a $100 processing fee in order to transfer title of the apartment to the defendant. However, the cooperative corporation did not charge a "waiver fee" of $40 per share, which is "due and payable by whoever the owner of the apartment is at the time the apartment is sold to a third party". Because the parties owned 502 shares in the cooperative corporation, the waiver fee, if the marital premises was sold to a third party, would be $20,080 ($40 per share  502 shares).

At issue on the instant appeal is whether, pursuant to the separation agreement, the plaintiff is required to pay the defendant 50% of the "negative equity" in the marital residence (i.e., the difference between the amount owed on the parties' home equity loan and the appraised value of the marital residence), and whether the plaintiff is required to pay 50% of the "waiver fee" which the cooperative corporation charges upon the sale of shares to a third party. Construing "the entire context of the language used in the [separation] agreement", the Supreme Court determined that "the parties intended that the waiver fee be taken into account" in arriving at the defendant's purchase price. Thus, it deducted from the appraised value of the apartment (1) the $76,300 remaining on the home equity loan, (2) the $20,080 waiver fee, and (3) the

$100 processing fee. This resulted in a "negative equity" of $21,480 in the apartment. The Supreme Court concluded that the plaintiff was responsible for 50% of this sum. Thus, it directed the plaintiff to pay the defendant $10,740. The plaintiff appeals. We reject the plaintiff's assertion that the Supreme Court incorrectly determined that the plaintiff was responsible for one-half of the "negative equity" in the marital residence. Since the parties clearly intended that they would share equally in any profits generated by a sale of the residence, it is reasonable to conclude that they also intended to share equally any resulting losses.

We agree, however, with the plaintiff's contention that the Supreme Court incorrectly interpreted the separation agreement insofar as it concluded that the parties intended that the waiver fee which is due to the cooperative corporation upon the sale of the marital residence to a third party was to be deducted from the appraised value in determining the defendant's purchase price. It is not disputed that no waiver fee was due to the cooperative corporation when the defendant exercised her option to purchase the marital residence. Because the plain language of the separation agreement provided only that fees due to the cooperative corporation were to be deducted from the appraised value of the residence in determining the defendant's purchase price, the court should not have considered the $20,080 waiver fee which was not incurred.

Deducting the $76,300 which the parties owed on their home equity loan and the $100 processing fee charged by the cooperative corporation to transfer title of the apartment to the defendant from the $75,000 appraised value of the apartment, leaves a "negative equity" of $1,400. The plaintiff is responsible for 50%, or $700, of this amount. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.